Filed 2/23/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 42

Gary A. Hangsleben, on behalf of the 

heirs at law of Delores M. Hangsleben, Plaintiff and Appellant

v.

Gail R. Halverson, Russell Halverson, 

Justin Halverson, Matt Halverson, 

Dr. Larry O. Halverson, Dr. Robin T. Hape, 

Valley Eldercare Center - Valley Memorial Homes, 

Good Samaritan Heritage Grove and 

Altru Health Systems, Defendants and Appellees

No. 20110211

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Debbie Gordon Kleven, Judge.

AFFIRMED.

Per Curiam.

Gary A. Hangsleben (submitted on brief), self-represented, P.O. Box 14222, Grand Forks, N.D. 58208, for plaintiff and appellant.

Donald H. Leonard (submitted on brief), 308 DeMers Avenue NW, East Grand Forks, MN 56721-1816, for defendants and appellees Gail R. Halverson, Russell Halverson, Justin Halverson, and Matt Halverson.

Donna Marie Smith (argued) and Randall Shane Hanson (on brief), 401 DeMers Avenue, Suite 500, P.O. Box 5849, Grand Forks, N.D. 58206-5849, for defendants and appellees Dr. Larry O. Halverson, Dr. Robin T. Hape, and Altru Health Systems.

Lori Helen Conroy (argued) and Robert J. Udland (on brief), 218 NP Avenue, P.O. Box 1389, Fargo, N.D. 58107-1389, for defendant and appellee Valley Eldercare Center - Valley Memorial Homes.

Hangsleben v. Halverson

No. 20110211

Per Curiam.

[¶1] Gary Hangsleben, on behalf of the heirs at law of his mother, Delores Hangsleben, appeals from a judgment dismissing his action involving his mother’s death against his sister, Gail Halverson, and her family, Russell, Justin, and Matt Halverson, against Dr. Larry Halverson, Dr. Robin Hape, and Altru Health Systems, against Valley Eldercare Center-Valley Memorial Homes, and against Good Samaritan Heritage Grove.  Gary Hangsleben argues: (1) the district court erred in dismissing his claims against the doctors and providers because he failed to provide an affidavit of a medical expert under N.D.C.C. § 28-01-46; (2) the court erred in dismissing his survivor claims because he was not his mother’s designated personal representative and lacked standing to bring that claim; (3) the court erred in dismissing his wrongful death claim because he failed to raise a genuine issue of material fact; and (4) the court erred in denying his motion to compel discovery.  We affirm under N.D.R.App.P. 35.1(a)(4) and (6).

[¶2] Gerald W. VandeWalle, C.J.

Daniel J. Crothers

Mary Muehlen Maring

Dale V. Sandstrom

John E. Greenwood, D.J.

[¶3] The Honorable John E. Greenwood, D.J., sitting in place of Kapsner, J., disqualified.